UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PRINCESS MARIA SPENCER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No.   23-00781 (UNA) |
| ALAMO CAR RENTAL, | ) ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter, filed *pro se*, is before the Court on its initial review of Plaintiff's Complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2.  The Court will grant the application and dismiss the complaint for lack of subject-matter jurisdiction.

The subject-matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332.  Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)).  It is a "well-established rule" that in order for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).  To that end, "the citizenship of every party to the action must be distinctly alleged and cannot be

established presumptively or by mere inference." *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004).

A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

In the single-page complaint, Plaintiff, a District of Columbia resident, alleges that she "picked up" a rental car "at Alamo Rent a Car in Nashville International Airport (BNA)." The car was a blue Cadillac crossover that was left there for Plaintiff "as a gift." Plaintiff noticed that "the paperwork had been taken out [of] the vehicle." Apparently, when she "took [the car] back in and contacted the manager to ask for the paperwork, the vehicle was stolen." Plaintiff seeks "restitution" and "unlimited access to rent a cars at Alamo."

Plaintiff has not pleaded a jurisdictional basis, which is reason enough to dismiss the complaint. Nevertheless, no federal question is presented, and Plaintiff has not pleaded sufficient facts, including the threshold amount in controversy, to proceed under the diversity statute. Therefore, this case will be dismissed by separate order.

Date: April 12, 2023

_____/s/_____
TANYA S. CHUTKAN
United States District Judge